

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM C. DILLON,<br>　　　　Plaintiff,<br><br>vs.<br><br>BDI PHARMA, INC.; RICHARD J. GATON;<br>and EDWARD STEIFEL, JR.,<br>　　　　Defendants. | §<br>§<br>§<br>§　Civil Action No. 3:18-2058-MGL<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO STAY DISCOVERY

This matter is before the Court on Defendants BDI Pharma, Inc., Richard J. Gaton, and Edward Steifel, Jr.'s (collectively Defendants) motion to stay discovery pending the outcome of Defendants' motion to dismiss (motion to stay). ECF No. 60. After carefully considering Defendants' memorandum in support of their motion to stay and Dillon's response, the record, and the applicable law, the Court will deny Defendants' motion to stay discovery.

In arguing in favor of a stay, Defendants cite to Local Civ. R. 16.00(C), D.S.C. Under this rule, "the court may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion to remand or to dismiss or other dispositive motion." Local Civ. R. 16.00(C) (D.S.C.) Local Civ. R. 16 addresses issues related to pretrial conferences, scheduling orders, and case management. However, the Court has already entered a scheduling order, ECF No. 38, which was subsequently amended with the consent of both parties, ECF No. 58. In addition, the parties filed a joint Fed. R. Civ. P. 26(f)

report, ECF No. 48, a joint outline of their discovery plan, ECF No. 55, and answers to Local Rule 26.03 interrogatories, ECF Nos. 55-56.  Many of these filings are governed by Fed. R. Civ. P. 26 or Local Civ. R. 26.  The Court finds Defendants' reliance on Local Civil Rule 16 misplaced.  Thus, Defendants' motion to stay discovery is governed by Fed. R. Civ. P. 26 rather than Local Civ. R. 16.00(C).  See Local Civ. R. 1.01 (D.S.C.) ("These Local Civil Rules of practice shall govern the conduct of the United States District Court for the District of South Carolina, except when the conduct of this court is governed by federal statutes and rules.")

Fed. R. Civ. P. 26(c) allows a court to enter an order staying discovery upon good cause shown.  Fed. R. Civ. P. 26(c)(1).  Defendants assert good cause exists to support their motion because "Defendants' pending motion, if granted, will be dispositive of all claims and result of the dismissal of this case in total…Even if Defendants' motion is not granted in total, the dismissal of some of Plaintiff's claims is likely to narrow the issues in the case in a manner affecting the scope of discovery."  ECF No. 60 at 2.  Therefore, Defendants argue, "staying the case pending the Court's resolution of the Defendants' motion will avoid the need for the parties to unnecessarily engage in costly litigation of issues which may not survive Defendants' motion."  *Id*.

In response, Dillon argues a stay in discovery is "highly prejudicial to Plaintiff as this matter has already been pending for more than a year."  ECF No. 65 at 2.  In addition, "Defendants' [motion] may result in potential evidence in the possession of Defendants and third parties not being retained or preserved."  *Id* at 3.  Finally, Dillon asserts even if some of his claims are dismissed as a result of Defendants' motion to dismiss, all of his claims arise under same factual circumstances, and "discovery will be substantially similar if Plaintiff's Amended Complaint survives in *any* capacity."  *Id*.

The Court agrees with Dillon a stay in discovery is not appropriate in this case. Courts have "long observed that as time passes, cases can become more difficult to try because witnesses relocate, documents are lost, and memories fade." *Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993). The parties have set forth a discovery plan and have begun the discovery process by exchanging Local Civil Rule 26.03 interrogatories. The Court finds any additional delay would have a disproportionately prejudicial impact on Dillon. Accordingly, the Court holds Defendants have not met their burden of showing "good cause" under Fed. R. Civ. P. 26(c), and therefore, Defendant's motion to stay discovery is **DENIED**.

**IT IS SO ORDERED.**

Signed this 12th day of February 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE